UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**CALVIN WOOD**                                                                                                          **PLAINTIFF**

v.                                                                                     **CIVIL ACTION NO. 4:07CV-90-M**

**FRANCES MALONY** *et al.*                                                                                      **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Calvin Wood filed a *pro se*, *in forma pauperis* civil complaint in the Southern District of Indiana. That court transferred the action to this Court. The complaint is currently before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the instant action will be dismissed.

### I.

Plaintiff, who resides in Indiana, lists Francis Malony and Tammy Willett, both with addresses at the Municipal Center in Henderson, Kentucky, as Defendants in the caption of the complaint. Further in the complaint, however, he additionally alleges that "[t]he following people are named as partners and cospirators on the RICO sense and are the people who makes Butler County be the place it is. . . . All municipal employees . . . [and] all county employees." Even further in the complaint, he additionally states that he is presenting an "amended complaint" against the following Defendants: all city employees of Morgantown, "[t]he employees of Butler County, and the VA Indiana and Kentucky and all those VA who participated in the unlawful giving of medical records of [Plaintiff]." Plaintiff sues all Defendants individually, and he seeks punitive and compensatory damages. He further alleges violations of the First, Fifth, Thirteenth, and Fourteenth Amendments to the United States

Constitution and violations of the Americans with Disabilities Act, the Sherman Act, and the RICO Act.

The facts all stem from an incident occurring on or about September 2, 2004. Plaintiff alleges that at that time he was staying "with his nurse Debra Burney, at Henderson Downtown Motel where they had stayed for several months while Wood got Medical treatment at the Evansville Motel." In the afternoon of September 2, 2004, Plaintiff "slipped outside his room" and was thrown into a van by someone and kidnaped. About 30 miles "up the road," "the driver got up and put Mr. Wood, in the drivers seat, and it did not matter that Wood had not driven since minium 1982, and it seems as if [] the van driver did not care if Mr. Woods had a wreck, in fact it seemed a wreck was what they wanted and all of this did not matter to the cops." Wood "was dropped off just outside of Morgantown and he did not knew where he was or what he was doing, and that as the coppers ran him off the road, he ran into a ditch and stopped, again." Speaking in the third person, Plaintiff advises, "This is where I first found out what he [contextually, Plaintiff Wood] was having, was having another stroke." However, Plaintiff states that the cops did not know he was having a stroke and thought he was "stupid" or drunk. According to Plaintiff, "when Mr. Wood was let out of the van he was abused . . . because he could not speak and understand what the coppers wanted of him." The cops forced Wood to get out of the van several times and then forced him to sit in the van for over three hours, which caused his legs to swell and become painful. Wood saw the judge and prosecutor walk by, but they did not assist him. Then:

> [Wood] got out of the truck finally and according to all the stories I hear, the policed forced him to walk to the police car and you could tell by this time he was in great pain while walking to that car, and I laugh when I think of him getting in the cop car, and from the way I hear it, he could not get in the police car and the

2

> copper, God bless his love for this cop, and the copper slammed the door on Woods legs------not once but three times and this would have killed Woods legs, suffering from raging unforgiving pain and after a man has been thru that he is not likely to forgive a person who did it to him and such will be the way of the world;
>
> That there were 4 cops, 2 city cops, 2 deputies and these were all just good ole boys, gloating over the Rabbit they had just killed and were going to pack away, another criminal, with the DT's who kept shaking so much he would hardly hold still and he wondered about when criminals just got drunk, and I am sure he meant it and will mean it until he/they have to pay the piper on a day which will come; ....

Wood was transported to the jail, where "the car literally dumped him out despite knowing he was extremely hurt." Wood was expected to walk up a ramp, and when he tried to get help, he was beaten several times. According to the complaint, the ramp was not ADA compliant, and Wood "begged the little cop to get him a Wheelchair," which he claims he had been confined to since November 2002. He claims being refused a wheelchair and passing out at least two times going up the ramp.

> Finally the walkway went into a hallway in the jail, and long before Wood got to the end of the hallway and Wood had passed out and it was several minutes before he came around, and the first thing he remembers was that little cop kicking him some more and he thinks this time he did not know how long the beating had gone on and with the pain he was in he says he did not care it as had gone on that far; The cops in Henderson and Henderson County are exactly like those in West Virginia and the brutality is the same.

When Wood got to the end of a long hall, he was told to sit. His "next obstacle was getting down some basement steps . . . Wood tried to climb down the steps and he could not, and fell all the way down," bruising his right inner leg. A homeless person then helped Wood get into the cell, where Wood ate food that "was not good," and he fell asleep.

The next morning Wood tried to eat his breakfast but spilled it all over the floor. Even though he was "grievously sick," no one tried to help him. "[H]e was then thrown out of the cell, and onto the bathroom area going up the steps."

> Wood was made to crawl up the steps, and his legs still hurt him madly, hurt like having his stroke all over again and he never had any help, getting up the steps, and they made him go to the bathroom at the top of . . . the steps and he had to lay down in the floor and the bathroom door was closed and all these cops, each and every one of them know who unsanitary bathrooms are and they all not to put some one laying on the floor. . . .
>
> Wood was put on the dirty bathroom for 2 days before his nurse found out where he was and come to get him out again and again and Wood never had access to his wheel chair at all whether he was being pulled over and arrested, whether he was maneuvering down the hall to be booked, crawling up and down the illegal jail house steps, or being forced to lay down on the bathroom floor for two days, and at no time was the city or the county obeying the state and federal laws, and no one has yet to complain, not any cop, any prosecutor or any judge because they distance themselves from the prisoners, whether guilty or nationwide all these cops know how bad it is not to give a crippled his wheel chair, . . .;

Wood contends that, due to the stroke, he was incapable of forming criminal intent, and he alleges that the warrants for his arrest were defective.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as

4

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore

5

exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. Constitutional violations

Plaintiff alleges violations of the First, Fifth, Thirteenth, and Fourteenth Amendments to the United States Constitution. Plaintiff sues municipal employees and VA employees.

Congress has explicitly provided a remedy for constitutional violations brought against state and local officials and local units of government in 42 U.S.C. § 1983. The Sixth Circuit has stated that "it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights." *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989). In *Thomas*, the Sixth Circuit held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Id.* at 499. Thus, to the extent that Plaintiff is complaining of constitutional violations by local government employees, he must utilize 42 U.S.C. § 1983, and the Court construes the action accordingly. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704 (9th Cir. 1992), *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

The *Bivens* doctrine, on the other hand, is a judicially created counterpart to a § 1983 action and pertains to suits filed against federal officials who have allegedly denied a plaintiff's

constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971). Accordingly, the Court construes the constitutional claims against the federal VA employees as *Bivens*' claims

The statute of limitations for § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). An action pursuant to the *Bivens* doctrine is subject to the same statute of limitation as § 1983 actions. *McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir. 1987). Although state law establishes the statute of limitations for § 1983 and *Bivens* actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007).

The allegations described in the complaint occurred in September 2004. The limitations period with respect to the constitutional claims, therefore, expired one year later in September 2005. Because Plaintiff did not file the complaint until June 15, 2007, his constitutional claims arising under § 1983 and the *Bivens* doctrine are untimely and must be dismissed.

### B. Americans with Disabilities Act

Plaintiff reports that he has required the use of a wheelchair since 2002 but that at the jail he was not provided with a wheelchair and was forced to walk up a ramp and up and down stairs.

"[T]he ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001). Plaintiff fails to specify under which title he brings his ADA claim. As this is not an employment situation, Title I is inapplicable. Any Title II claim is time barred because like the § 1983/*Bivens* constitutional claims, Kentucky's one-year statute of limitations for personal injury actions also applies to Title II ADA claims. *See Lewis v. Fayette County Det. Ctr.*, No. 99-5538, 2000 WL 556132, at *2 (6th Cir. Apr. 28, 2000) ("[C]ourts faced with ADA or Rehabilitation Act claims have also looked to the state's statute of limitations for personal injury actions."). Finally, any claim under Title III of the ADA is barred because only injunctive relief (which Plaintiff has not sought) is available. *See Smith v. Wal-Mart Stores*, *Inc.*, 167 F.3d 286, 293 (6th Cir. 1999) (recognizing that Title III enforcement statute, 42 U.S.C. § 12188, which incorporates the remedies of 42 U.S.C. § 2000a-3(a), does not include money damages); *see also Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages."); *Ajuluchuku v. YumA Brand, Inc.*, No. Civ.A. 3:05CV826-H, 2006 WL 1523218, at *1 (W.D. Ky. May 23, 2006) ("[I]t is well established that Title III of the ADA does not provide for a private cause of action for damages.").

Plaintiff's ADA claim must, therefore, be dismissed for failure to state a claim upon which relief may be granted.

### C. Sherman Act

Plaintiff alleges a violation of the Sherman Act, codified at 15 U.S.C. § 1 *et seq.* He fails to specify which section he alleges has been violated but mentions conspiracy and monopoly. In order to state a claim for violation of 15 U.S.C. § 1, Plaintiff must allege the existence of a contract, combination, or conspiracy affecting interstate commerce that imposes unreasonable restraint of trade. *White and White, Inc. v. Am. Hosp. Supply Corp.*, 723 F.2d 495, 504 (6th Cir. 1983). "The offense of monopoly under § 2 of the Sherman Act has two elements: '(1) possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident.'" *Cupp v. Alberto-Culver USA, Inc.*, 310 F. Supp. 2d 963, 974 (W.D. Tenn. 2004) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966)).

Although Plaintiff alleges a conspiracy among Defendants, he fails to set forth any facts demonstrating the existence of a conspiracy in restraint of trade affecting interstate commerce violative of § 1, and he fails to allege that any Defendant possessed monopoly power, an essential element of a § 2 claim. *Cupp*, 310 F. Supp. 2d at 974.

Accordingly, any Sherman Act claim is patently frivolous and must be dismissed.

### D. RICO Act

Plaintiff also alleges a violation of RICO, the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68. Aside from citing to and quoting portions of the Act, Plaintiff alleges only that "These defend[]ants and some have involved them[sel]ves in RICO acts and these people will be handled in accord with law." Plaintiff fails, however, to

indicate which portion of this Act applies to his allegations, how his allegations fall under any portion of this Act, or any racketeering enterprise as defined by that Act.

Plaintiff mentions "criminal prosecution" under the Act. To the extent he seeks to initiate a criminal prosecution, "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 F. App'x. 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). And "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973).

For these reasons, the RICO claim must be dismissed.

**E. Lack of fair notice**

Lastly, while the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Plaintiff has alleged no facts involving Defendants Malony and Willett, the only named Defendants in the complaint. He merely identifies them as Defendants in the caption. He has, therefore, failed to give these Defendants fair notice of his claims against them and the grounds upon which they rest. Plaintiff further sues all Butler County employees, all Morgantown employees, and the VA employees of Indiana and Kentucky. Again, however, Plaintiff has failed to place any specifically named county, city, or VA employees on notice as to

any claims against them. Dismissal of the complaint is, therefore, warranted on this basis as well.

Having concluded that all claims must be dismissed, the Court will enter a separate Order dismissing the instant action.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Butler County Attorney
 Henderson County Attorney
4414.005